KATHLEEN E. WELLS, State Bar No. 107051
Attorney at Law
3393 Maplethorpe Lane
Soquel, California 95073
Telephone: (831) 475-1243
Email: lioness@got.net

Attorneys for Plaintiffs MICHAEL MALLOY, AMI MALLOY, L.S. MALLOY & E.S. MALLOY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION – ECF PROGRAM

| | |
|---|---|
| MICHAEL MALLOY; AMI MALLOY; L.S. MALLOY, a minor by and through his proposed guardian ad litem AMI MALLOY; E.S. MALLOY, a minor by and through his proposed guardian ad litem AMI MALLOY,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, CITY OF SCOTTS VALLEY, OFFICER MICHAEL BIRLY; CAROLYN STRAGE; WENDELL STAMPS; YOONI POMPER; ERIN BURTON; STEPHANIE VICOTTI, ANGELICA GLASS; JUDY YOKEL; CECILIA ESPINOZA; BEATRICE MONJAREZ; AND 20 UNKNOWN AGENTS/EMPLOYEES OF THE COUNTY OF SANTA CRUZ AND THE CITY OF SCOTTS VALLEY,<br><br>Defendants. | Case No. CV<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF STATE AND FEDERAL CONSTITUTIONAL RIGHTS;<br><br>JURY TRIAL DEMANDED |

**JURISDICTION AND VENUE**

1. This action arises under Title 42 of the United States Code, sections 1983 and 1988. Jurisdiction is conferred upon this Court by Title 28 of the United States Code,

sections 1331 and 1343 and 42 U.S.C. Section 12188(a).  This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1391(b) because the unlawful acts and practices alleged herein occurred in the County of Santa Cruz, California, which is within this judicial district.

**PARTIES**

3. Plaintiffs AMI MALLOY ("AMI") and MICHAEL MALLOY ("MICHAEL") are, and have been at all relevant times, residents of the County of Santa Cruz.  Plaintiffs L.S. MALLOY and E.S. MALLOY are minors.  A petition for guardianship ad litem of the two minor boys has been filed herewith by their mother, plaintiff AMI MALLOY.

4. Defendant COUNTY OF SANTA CRUZ ("COUNTY") is a county, duly organized and existing under the laws of the State of California. Defendant COUNTY operates and is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies including CHILD PROTECTIVE SERVICES ("CPS"), and the Santa Cruz County Sheriff's Office ("Sheriff's Office") and their agents and employees. CAROLYN STRAGE; WENDELL STAMPS; YOONI POMPER; ERIN BURTON; STEPHANIE VICOTTI, ANGELICA GLASS; JUDY YOKEL; CECILIA ESPINOZA; BEATRICE MONJAREZ are employees and agents of CPS and are sued herein in both their individual and their official capacities for the acts taken against plaintiffs under color of state law.

5. Defendant CITY OF SCOTTS VALLEY ("CITY")  is a political subdivision of, and duly organized and existing under the laws of the State of California. Defendant CITY operates and is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies including the Scotts Valley Police Department ("Police Department") and their agents and employees.  Officer Michael Birly is a member of the CITY police department and is sued herein in both his official in individual capacity for his acts against plaintiffs taken under color of state law.

*Malloy, et al.  vs. County of Santa Cruz, et al.*,                                                                   Complaint for Damages
Case No. CV
-2-

6. Plaintiffs are ignorant of the true names and capacities of Defendants designated as 20 "unknown COUNTY and CITY employees and agents" and, therefore, sue these defendants by such designation. Plaintiffs are informed and believe and thereon allege that each "Unknown Defendant" so named was employed by Defendants COUNTY (including Sheriff's Office, and Child Protective Services) and/or Defendant CITY (including the Police Department) at the time of the conduct alleged herein. Plaintiffs allege that the 20 unknown Defendants, and each of them, in performing the acts alleged herein, were acting as agents of the CITY and/or COUNTY employed by the CITY and/or COUNTY and/or were acting individually, outside the course and scope of their employment; and, in performing all of the acts alleged herein, these unknown defendants acted under color of state law and the statutes, ordinances, regulations, customs and usages of the CITY and/or COUNTY, and pursuant to the official policy, custom and practice of the CITY and/or COUNTY.  These defendants are charged with enforcing state and local laws and additionally charged with knowledge and protection of citizens' constitutional rights while enforcing such laws.

Plaintiffs will amend their complaint to state the names and capacities of the 20 unknown CITY and COUNTY employees and/or agents when their identities are discovered by plaintiffs.

**ALLEGATIONS COMMON TO ALL CLAIMS**

7. On July 15, 2015, defendants COUNTY sheriffs deputies responded to an incident that occurred outside the house in Santa Cruz occupied by MICHAEL, AMI, L.S.and E.S. and AMI's mother.    Defendants with no probable cause or suspicion of any wrongdoing, proceeded to unlawfully enter the house over objection of AMI.  Plaintiffs did not give consent for defendants to enter or search the house, nor did defendants have a search warrant to do so.  There were no exigent circumstances that would legally excuse the necessity for a warrant.  After the Defendant sheriff's officers unlawfully entered the house, they forcefully grabbed Ami's arm,

inflicting serious injuries and subsequently dragged her outside the house and handcuffed her. They also assaulted MICHAEL grabbing him forcefully, pulling him outside and handcuffing him. Neither MICHAEL nor AMI resisted the officers in any manner.

8. Approximately 20 minutes later, defendant officers released the plaintiffs from their handcuffs and left the premises. After another approximately 20 minutes, three defendant officers returned and informed the plaintiffs that they were there to document their injuries inflicted upon them by the defendants in the previous incident.

9. Plaintiffs cooperated and presented themselves for inspection of their injuries whereupon the defendant officers immediately placed them in handcuffs again, causing them great pain and agony. At no time either preceding or during the handcuffing did plaintiffs in any way resist the defendant officers. Defendant officers had no probable cause or reasonable suspicion of criminal activity, nor did they have a warrant to arrest the plaintiffs

10. After another approximately 20 minutes, defendant CITY police officers arrived and transported plaintiffs, still in handcuffs, to the CITY police department where they were interrogated. Defendant officers informed the plaintiffs that they were being arrested on charges of child abduction. Defendant officers subsequently transported the plaintiffs to the COUNTY jail where they were booked, fingerprinted, forced to pose for mug shots and incarcerated. Plaintiffs were exonerated of all charges.

11. After their release from the COUNTY jail, plaintiffs returned home and discovered that COUNTY Animal Service agents had unlawfully seized the family dog. The dog was not endangered, had adequate shelter and food and was not at large, nor was he abandoned. There was absolutely no reason for COUNTY agents to seize the plaintiffs' dog. COUNTY animal control subsequently killed their dog.

12. Plaintiffs are informed and believe and allege thereon that the COUNTY officers remained at their house until the COUNTY CPS workers arrived and took their two sons, plaintiff L.S. Malloy and E.S. Malloy, into custody. There was no reason for defendants to take custody of the minor plaintiffs who were in the care and custody of their maternal grandmother who was taking care of them until the plaintiffs returned. CPS defendants had no warrant to seize the

minor plaintiffs nor did they have any probable cause or reasonable suspicion that the minor plaintiffs were in any danger.

13. The plaintiffs had been outspokenly critical of the COUNTY CPS and its agents prior to the incident and plaintiffs allege that the defendant agents seized their minor children in retaliation for their exercise of their constitutional right to openly criticize the CPS.

14. While in the custody of the defendant CPS defendants, including STRAGE, STAMPS, POMPER, HARRIS, BURTON, VOCOTTI, GLASS, YOKEL, ESPINOZA AND MONJAREZ, the minor children suffered physical and emotional abuse.  The plaintiffs reported to the CPS agents that the minor plaintiffs had suffered injuries and were being abused in foster care and the CPS defendants disregarded and ignored their complaints.   Additionally, defendant CPS agents administered non-emergency medical procedures on the minor plaintiffs without the plaintiffs' consent and without any legal authority to do so.  CPS defendants also prevented plaintiff L.S. Malloy from exercising his customary religious worship and practices.

15. Plaintiffs filed timely tort claims against the COUNTY and the CITY and the claims were denied by the CITY, said denial was mailed on March 6, 2016 and by the COUNTY, said denial was mailed on March 9, 2016.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF FOURTH AMENDMENT**
**UNLAWFUL SEARCH, SEIZURE, ARREST, EXCESSIVE FORCE**
**All Plaintiffs vs All Defendants**

16. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs of this complaint.

17. As set forth in detail herein above, Defendants, under color of state law, deprived Plaintiffs of their rights under the Fourth Amendment to the United States Constitution to be free from illegal search, seizure, unlawful/false arrest, and excessive force.

18. As a direct and proximate result of the Defendants' violation of Plaintiffs'

constitutional rights, plaintiffs have suffered, and will continue to suffer, damages including physical and emotional injuries, medical bills, loss of income, and other expenses.  The individual Defendants' actions were performed knowingly, willfully, and with malicious intent and plaintiffs are entitled to punitive damages in an amount to be determined by proof at trial.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF FOURTEENTH AMENDMENT
### LOSS OF LIBERTY, LOSS OF FAMILIAL RELATIONSHIP WITHOUT DUE PROCESS OF LAW
### All Plaintiffs vs. All Defendants

19. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs of this complaint.

20. As set forth in detail herein above, Defendants, under color of state law, deprived Plaintiffs of their rights under the Fourteenth Amendment to the United States Constitution to be free from unlawful deprivation of liberty and familial relationship without due process of law.

21. As a direct and proximate result of the Defendants' violation of Plaintiffs' constitutional rights, plaintiffs have suffered, and will continue to suffer, damages including physical and emotional injuries, medical bills, loss of income, and other expenses.  The individual Defendants' actions were performed knowingly, willfully, and with malicious intent and plaintiffs are entitled to punitive damages in an amount to be determined by proof at trial.

///

///

## THIRD CLAIM FOR RELIEF
## VIOLATION OF FIRST AMENDMENT
## RETALIATION
### All Plaintiffs vs. All CPS Defendants

22. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs of this complaint.

23. Plaintiffs were outspoken and openly critical of the CPS and its agents. CPS defendants were aware of said criticism. In retaliation for plaintiffs' exercise of their first amendment right to criticize their operations and agents, the CPS defendants retaliated against plaintiffs by unlawfully seizing their minor children and keeping them in their custody without legal process or authority, in violation of their constitutional rights to be free from such retaliation.

24. As a direct and proximate result of the CPS defendants actions, plaintiffs suffered damages including severe emotional distress, loss of familial relationship and other damages as herein above alleged. The individual Defendants' actions were performed knowingly, willfully, and with malicious intent and plaintiffs are entitled to punitive damages in an amount to be determined by proof at trial.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL *MONELL* LIABILITY
### All Plaintiffs vs CITY and COUNTY

25. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs of this Complaint.

26. The aforementioned acts and/or omissions of the Defendants COUNTY and CITY in violation of plaintiffs' constitutional rights were the direct

and proximate result of customs, practices and policies of Defendants COUNTY and CITY as alleged herein.

27. At all times herein mentioned, Defendants COUNTY and CITY maintained a policy or de facto unconstitutional custom and/or practice of permitting, ignoring such behavior as well as a failure to supervise, failure to train,, failure to report, investigate, and reprimand COUNTY and CITY personnel for their wrongful conduct.

28. As a direct and proximate result of the Defendants COUNTY and CITY pattern and practice of violating citizens constitutional rights, including those of Plaintiffs herein, plaintiffs have suffered, and will continue to suffer, damages including physical and emotional injuries, medical bills, loss of income, and other expenses.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF BANE ACT CALIFORIA CIVIL CODE § 52.1

### All Plaintiffs vs. All Defendants

29. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs of this Complaint.

30. Defendants, as alleged herein above in detail, interfered with Plaintiffs' rights secured by the United State and the California Constitutions by the use of threats, intimidation coercion in violation of California Civil Code Section 52.1(b).

31. As a direct and proximate result of Defendants' violation of Plaintiffs' rights under the Bane Act, plaintiffs suffered , and will continue to suffer, damages including physical and emotional injuries, medical bills, loss of income, and other expenses.  The individual Defendants' actions were performed knowingly, willfully, and with malicious intent and plaintiffs are entitled to punitive damages in an amount to be determined by proof at trial.

## SIXTH CLAIM FOR RELIEF

## ASSAULT & BATTERY

### All Plaintiffs vs. All Defendants

32. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs of this Complaint.

33. Defendants intended to cause and did cause plaintiffs to suffer apprehension of an immediate harmful and unwanted contact. Furthermore, defendants intended to and did cause a harmful contact with plaintiffs as described herein above. Plaintiffs did not consent to defendants' actions nor was there any privilege excusing defendants from their actions.

34. As a direct and proximate result of defendants' actions, plaintiffs sustained injuries and damages as set forth herein. Further, plaintiff claims all damages and penalties allowed by law. The individual Defendants' actions were performed knowingly, willfully, and with malicious intent and plaintiffs are entitled to punitive damages in an amount to be determined by proof at trial.

## SEVENTH CLAIM FOR RELIEF

## NEGLIGENCE & NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### All Plaintiffs vs. All Defendants

35. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs of this Complaint.

36. Defendants had a legal duty to conform to a standard of conduct to protect the plaintiffs and the defendants failed to meet the required standard of conduct

37. As a direct and proximate result of the failure of defendants to adhere to the required standard of conduct, plaintiffs suffered injuries as herein above described.

///

# EIGHTH CLAIM FOR RELIEF

# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### All Plaintiffs vs. All Defendants

38. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs of this Complaint.

39. Defendants, through their extreme and outrageous conduct, intentionally or recklessly caused the plaintiffs to suffer extreme emotional distress as described in detail herein above.

40. The individual Defendants' actions were performed knowingly, willfully, and with malicious intent and plaintiffs are entitled to punitive damages in an amount to be determined by proof at trial.

# DEMAND FOR JURY TRIAL

41. Plaintiffs hereby demand a trial by jury on all claims for relief.

# PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages against the individual defendants in a sum according to proof;

4. For leave to amend or supplement the Complaint as the identities of the unknown defendants are discovered and new evidence is uncovered.

5. For violation of California Civil Code Sections 52 and 52.1, statutory damages,

injunctive relief and reasonable attorney's fees;

6. For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant peace officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated: September 6, 2016                    /s/  Kathleen E. Wells
                                            KATHLEEN E. WELLS, Attorney for Plaintiffs