United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL MALLOY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>    Defendants. | Case No. 5:16-cv-05135-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 57, 58 |

Plaintiffs Ami and Michael Malloy were arrested for child abduction. They bring various state and federal claims against law enforcement officers and governmental entities. Defendants City of Scotts Valley (the "City") and Officer Michael Birley move to (1) strike portions of the complaint (Dkt. No. 58) and (2) to dismiss under Fed. R. Civ. P. 12(b)(6), and if any claims survive, for a more definite statement under Fed. R. Civ. P. 12(e) (Dkt. No. 57). Both motions will be GRANTED.

1

## I. BACKGROUND

On July 13, 2015, protective custody warrants were issued for the apprehension of the Malloys' minor children, L.S. and E.S. Defs.' Request for Judicial Notice 1–2, Dkt. No. 60.[1] According to the Malloys, sheriff's deputies from the County of Santa Cruz "responded to an incident" at the Malloys' house on July 15, 2015. Compl. ¶ 7, Dkt. No. 1. About an hour later, police officers from the City of Scotts Valley

> arrived and transported plaintiffs, still in handcuffs, to the [City of Scotts Valley] police department where they were interrogated. Defendant officers informed the plaintiffs that they were being arrested on charges of child abduction. Defendant officers subsequently transported the plaintiffs to the [County of Santa Cruz] jail where they were booked, fingerprinted, forced to pose for mug shots and incarcerated.

Id. ¶ 10. This is the extent of the factual allegations involving the City and Officer Birley. As discussed below, the Malloys bring various state and federal causes of action. Id. ¶¶ 16–40.

## II. MOTION TO DISMISS

### A. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); In re Korean Air Lines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011). Absent a showing of prejudice, delay, bad faith, or futility, there is a strong presumption in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

---

[1] Defendants' request for judicial notice (Dkt. No. 60) is GRANTED.

**B.     Discussion**

The City and Officer Birley move to dismiss all of the Malloys' claims against them. Defs.' Mot. to Dismiss ("MTD"), Dkt. No. 57.

The Malloys do not oppose dismissal with prejudice of their claims against the City and Officer Birley for violations of the Fourteenth Amendment, violations of the Bane Act, assault and battery, negligence and negligent infliction of emotional distress, and intentional infliction of emotional distress. Pls.' Opp'n to Defs.' Mot. to Dismiss ("Opp'n") 2, Dkt. No. 66. Nor do the Malloys oppose dismissal with prejudice of the Fourth Amendment and Monell claims by their children, L.S. and E.S. Id.

The Malloys only oppose dismissal of (1) Ami and Michael Malloy's Fourth Amendment claim and (2) Ami and Michael Malloy's Monell claim. Id.

### i.     Ami and Michael Malloy's Fourth Amendment Claim

The Malloys allege that Defendants "deprived Plaintiffs of their rights under the Fourth Amendment to the United States Constitution to be free from illegal search, seizure, unlawful/false arrest, and excessive force." Compl. ¶ 17. (The Malloys now admit that "there are no excessive force claims," and they intend to amend the complaint accordingly. Opp'n 6.)

Officer Birley argues that he is entitled to qualified immunity. MTD 5. "In the context of an unlawful arrest . . . the two prongs of the qualified immunity analysis can be summarized as: (1) whether there was probable cause for the arrest; and (2) whether it is reasonably arguable that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." Rosenbaum v. Washoe Cty., 663 F.3d 1071, 1076 (9th Cir. 2011).

The Malloys admit that "there is not a specific allegation of lack of probable cause" in the complaint. Opp'n 6. But they say that "it was intended" that their Fourth Amendment claim would include allegations that Officer Birley arrested the Malloys without probable cause. Id.

Accordingly, the Court will dismiss the Malloys' Fourth Amendment claim with leave to

3

Case No.: 5:16-cv-05135-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO STRIKE

1 amend. The Court notes that the Malloys must also include specific factual allegations to support their claim.

### ii. Ami and Michael Malloy's Monell Claim

The Malloys allege that the City "maintained a policy or de facto unconstitutional custom and/or practice of permitting, ignoring such behavior as well as a failure to supervise, failure to train, failure to report, investigate, and reprimand [City] personnel for their wrongful conduct." Compl. ¶ 27.

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978)). To establish Monell liability, a plaintiff must prove, among other things, that she "possessed a constitutional right of which she was deprived." Id.

As discussed above, the Malloys have not stated a claim for a Fourth Amendment violation because they do not allege that Officer Birley arrested them without probable cause, and they do not oppose dismissal of their other constitutional claims against the City and Officer Birley. As such, there is no Monell liability because the Malloys have failed to show that they were deprived of a constitutional right.

Because the Court will allow the Malloys to amend their Fourth Amendment claim, the Court will also dismiss the Malloys' Monell claim with leave to amend.

### III. MOTION TO STRIKE

Scotts Valley and Officer Birley move to strike (1) the phrase "Plaintiffs were exonerated of all charges" (Compl. ¶ 10) and (2) the Malloys' prayer for "injunctive relief" (Compl. 11:1). Defs.' Mot to Strike, Dkt. No. 58. The Malloys do not oppose the motion. Pls.' Statement of Non-Opp'n, Dkt. No. 68.

4
Case No.: 5:16-cv-05135-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO STRIKE

## IV. CONCLUSION

The Court orders as follows:

1. Defendants' motion to dismiss (Dkt. No. 57) is GRANTED without leave to amend as to the claims that the Malloys agree to dismiss (for violations of the Fourteenth Amendment, violations of the Bane Act, assault and battery, negligence and negligent infliction of emotional distress, and intentional infliction of emotional distress) against the City and Officer Birley.

2. Defendants' motion to dismiss (Dkt. No. 57) is GRANTED with leave to amend as to the Malloys' claims for Fourth Amendment violations and Monell liability.

3. Defendants' motion to strike (Dkt. No. 58) is GRANTED.

**IT IS SO ORDERED.**

Dated: May 19, 2017

EDWARD J. DAVILA
United States District Judge